UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORLEONE CARTEL JAE, | ) | CASE NO. 4:18-cv-0206 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CHEXSYSTEMS INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to dismiss filed by defendant Chex Systems, Inc. ("Chex") (Doc. No. 8 ["Mot."].) Although the motion was served upon plaintiff Corleone Jae Cartel ("plaintiff")[1] at his address of record in Virginia, he has failed to file any response or opposition. For the reasons set forth herein, the unopposed motion to dismiss is granted.

## I. BACKGROUND

On January 26, 2018, plaintiff filed a complaint against Chex, Equifax Information Services LLC ("Equifax"), and Experian Information Solutions Inc. ("Experian"). (Doc. No. 1 ["Compl."].) The complaint purports to assert claims against these defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"). (*Id.* ¶ 2.)

The address supplied by plaintiff on the Civil Cover Sheet was 4496 Mahoning Avenue, Youngstown, Ohio 44515. (Doc. No. 1-1.) The complaint alleged simply that "[p]laintiff is an

---

[1] The Court will use the reference "plaintiff" only, since it is quite impossible to ascertain this party's name. The caption of the complaint (Doc. No. 1 ["Compl."]) identifies the party as "Corleone Cartel Jae." The complaint itself alleges that the party's name is "Corleone Jae Cartel" (*id.* ¶ 1), but the complaint is signed by "Jae Cartel." Correspondence supplied by Chex Systems, Inc. identifies plaintiff as "Jae C. Cartel." (*See* Doc. No. 8-3 at 72.) (All page number references herein are to the page identification number generated by the Court's electronic docketing system.)

adult individual whose address is in Ohio." (*Id.* ¶ 5.) The signature information at the conclusion of the complaint identifies "Jae Cartel" at the Mahoning Avenue address. (Compl. at 9.)

The summonses supplied along with the complaint contained no return address for plaintiff. As a result, a deputy clerk contacted plaintiff by telephone, leaving a message that the summonses (which had been mistakenly issued without the return address -- *see* Doc. No. 2) could be reissued if the return address was supplied.[2] Within days, plaintiff filed a notice, changing his address to P.O. Box. 5752, Williamsburg, VA 23188 (Doc. No. 4), and supplying new summonses containing that return address. (*See* Doc. Nos. 5, 6.)[3]

Shortly thereafter, the Court's Initial Standing Order, which had been delivered to the Ohio address originally supplied by plaintiff, was returned marked "Return to Sender/Unable to Forward/Not at this Address." (Doc. No. 7.) The Initial Standing Order was reissued to plaintiff at the new Virginia address plaintiff had supplied, and there is no indication on the docket that this was ever returned undelivered.

On February 20, 2018, Chex filed its motion to dismiss,[4] with a certificate of service indicating that the motion was served on the plaintiff by postage paid first class mail sent to the new Virginia address. Under LR 7.1(d), any memorandum in opposition would have been due within thirty (30) days after service. No such opposition has been filed and no extension has been sought. The time for doing both has long since expired. Therefore, the Court considers the motion unopposed.

---

[2] This fact is reflected on the non-public docket by way of a "Staff Note."

[3] The correspondence between plaintiff and defendant that is referenced in n.1 shows plaintiff's address as P.O. Box 5284, Williamsburg, VA 23188. (*See* Doc. No. 8-3 at 72.)

[4] Both Equifax and Experian have filed answers to the complaint. (*See* Doc. Nos. 13 and 10, respectively.)

## III. DISCUSSION

Chex raises several grounds for dismissal, all of which have merit and are briefly considered herein.[5]

### A. Lack of Personal Jurisdiction

Chex asserts, under Fed. R. Civ. P. 12(b)(2), that this Court lacks personal jurisdiction over it because plaintiff has not, and cannot, allege that any claims against Chex arise from Chex's contacts with Ohio. This is correct.

Plaintiff bears the burden of establishing the existence of personal jurisdiction. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (citation omitted). When the court holds no evidentiary hearing, plaintiff need make only a prima facie showing. *Id*. A prima facie showing of personal jurisdiction is made by "establishing with reasonable particularity sufficient contacts between [Chex] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citations omitted); *see also* Ohio Rev. Code § 2307.382(A) ("Ohio's long-arm statute") (enumerating bases for specific jurisdiction over a non-resident defendant, e.g., transacting any business in the state or causing tortious injury in the state). "While the Ohio courts interpret the 'transacting business' prong broadly to 'permit jurisdiction over nonresident defendants who are transacting any business in Ohio,' the Ohio long-arm statute requires a 'proximate cause' relationship between the defendant's act and the plaintiff's cause of action." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014)

---

[5] The Court "may interpret the absence of a response to a motion to dismiss as a waiver of opposition." *Brown v. Panther Premium Logistics, Inc.*, No. 1:17CV1383, 2017 WL 6502822, at *1 (N.D. Ohio Sept. 12, 2017) (citations omitted); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). Nevertheless, despite the lack of opposition by plaintiff, the Court addresses Chex's arguments in an abundance of caution.

(quoting *Ky. Oaks Mall Co. v. Mitchell Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990) and *Brunner v. Hampson*, 441 F.3d 457, 465-66 (6th Cir. 2006)).

The complaint here is completely devoid of any allegations that would satisfy Ohio's long-arm statute. Specifically, there is no allegation that plaintiff's claims against Chex arise from business transacted by Chex in Ohio or that plaintiff's alleged injuries occurred in Ohio. The only purported connection to Ohio is plaintiff's assertion that plaintiff has "an address in Ohio." (Compl. ¶ 5.) As evidenced by the record, that is no longer the case, and has not been since little more than two weeks after the complaint was first filed.

Further, plaintiff's allegations against Chex stem from interactions occurring between them during or after December 2015. (*Id.* ¶ 13.) At that time, all of plaintiff's correspondence with Chex originated from a post office box address in Virginia, although not the same one now claimed by plaintiff as his current address. (Doc. No. 8-2, Affidavit of Lori Jones[6] ["Jones Aff."] ¶¶ 8-10 and Ex. 2.) The subject of the correspondence did not involve actions, injuries, or property in Ohio. (*See id.*, Ex 2, *passim*.)

Plaintiff cannot meet the burden of making out a prima facie showing that personal jurisdiction over Chex exists under Ohio's long-arm statute and, therefore, there is no need for further analysis. Chex is entitled to dismissal for lack of personal jurisdiction.

**B.      Improper Venue**

Chex also argues that dismissal is warranted due to improper venue. Fed. R. Civ. P. 12(b)(3). When venue is challenged, plaintiff bears the burden of proving that the chosen venue is proper. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio

---

[6] Jones is a "Senior Compliance Analyst and . . . a custodian of records for Chex." (Jones Aff. ¶ 3.)

2002). Venue is governed by statute. Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If the court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The choice between dismissal and transfer is within the sound discretion of the district court. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Here, the complaint contains no factual allegations connecting this action or any claim to the Northern District of Ohio, other than plaintiff's assertion (now no longer so) that plaintiff has "an address in Ohio." (Compl. at ¶ 5.) None of the three defendants are located in Ohio and the events, as alleged in the complaint, do not appear to have any connection to Ohio.[7] Chex is entitled to dismissal due to improper venue.

**C.     Insufficiency of Service of Process**

Chex next argues for dismissal due to insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Here, plaintiff sent a copy of the complaint to Chex's registered agent by ordinary mail. (Jones Aff. Ex. 1.) It was not accompanied by a summons and Chex has yet to receive a summons. (*Id.* ¶ 7.)

---

[7] Based on this same reasoning, the Court is separately issuing an order for plaintiff to show cause why the remaining defendants, and the entire case, should not be dismissed due to improper venue.

Fed. R. Civ. P. 4(e)(1) allows for service of process pursuant to the rules of the state in which the district is located. Ohio R. Civ. P. 4.6(D) permits service by ordinary mail, but only if a prior attempt by the clerk to serve by certified mail was returned unclaimed. *See also* LR 4.2. The record here does not reflect any certified mail either sent to Chex by the clerk or returned unclaimed. Therefore, ordinary mail service is insufficient. Fed. R. Civ. P. 4(c)(1) also requires that a summons be served with the complaint. Plaintiff failed to do so.

Because plaintiff's attempt at service was not compliant with the relevant rules, service on Chex was insufficient, entitling Chex to dismissal of the complaint.

### D. Failure to State a Claim

Finally, Chex moves, under Fed. R. Civ. P. 12(b)(6), to dismiss for failure to state a claim under either § 1681*e* or §1681*i* of the Fair Credit Reporting Act.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

6

*Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).[8]

### 1. Failure to State a Claim under Section 1681*e*(b)

Section 1681*e*(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681*e*(b). The statute "does not impose strict liability for incorrect information appearing on an agency's credit reports." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004). Rather, "[l]iability flows only from a 'failure to follow (1) reasonable procedures (2) to assure maximum possible accuracy of the information (3) concerning the individual about whom the information relates.'" *Id*. (quoting *Bryant v. TRW, Inc.*, 689 F.2d 72, 78 (6th Cir. 1982)). "The exercise of reasonable care is determined by reference to what a reasonably prudent person would do under the circumstances." *Id.*

To state a claim under § 1681*e*(b), "a plaintiff must prove: (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed

---

[8] In ruling on a motion to dismiss under Fed. R. Civ. P. 12, a court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Id.* (citation omitted).

The complaint here fails to allege facts sufficient to support any of the elements of a § 1681*e*(b) claim. Plaintiff "contends that . . . he disputed third parties [sic] consumer inquiries and addresses that were determined to not only be unauthorized but also inaccurate." (Compl. ¶ 13.) Plaintiff claims that, due to plaintiff's having "requested a security freeze on his account[,]" Chex "continuously refused to re-investigate the disputed addresses, unauthorized inquires [sic] and refused to provide Plaintiff copies of the dispute results and a copy of his Annual Consumer Report." (*Id.* ¶ 14.) There is no particularity about the identity of the disputed third party addresses, and there is no allegation of any injury to plaintiff proximately caused by any action or inaction by Chex. Plaintiff's mere recitation of the language of the statute (*see id.* ¶ 15), without alleging facts in support of each element, fails to state a claim under the statute.

### 2. Failure to State a Claim under Section 1681*i*(a)

Section 1681*i*(a) provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer[.]" 15 U.S.C. §1681*i*(a)(1)(A).

But, "'without a showing that the reported information was in fact inaccurate, a claim brought under § 1681*i* must fail.'" *Turner v. Experian Info. Sols., Inc.*, No. 3:16 CV 630, 2017 WL 2832738, at *7 (N.D. Ohio June 30, 2017) (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61,

8

67 (1st Cir. 2008)) (compiling authority and holding that an inaccuracy is a required element of a Section 1681*i* claim).

Based on the threadbare allegations in paragraphs 13 and 14 of the complaint (recited above), plaintiff alleges that "[Chex] refused and failed to re-investigate the disputed inquiries and personal information under 15 U.S.C. § 1681*i*(a)(1) within thirty days of said dispute (2). [sic] failed and refused to informed [sic] all creditors that Plaintiff was disputing the accuracy of said account and (3). [sic] refuse[d] to notify Plaintiff of the results of said dispute, and the methods of reinvestigations under 15 U.S.C. § 1681*i*(a)(7)." (Compl. ¶ 16.)

The complaint is devoid of any allegation to support a conclusion that any particular third-party inquiry or address listed in plaintiff's consumer report was inaccurate. The complaint is similarly devoid of any factual allegations to support a showing of willfulness, or that plaintiff suffered actual damages proximately caused by the alleged violation. *See* 15 U.S.C. §§ 1681*n*, 1681*o* (a plaintiff must sufficiently allege a willful violation or actual damages to state a claim under the FCRA).

Chex is, therefore, entitled to dismissal for failure to state a claim against it under the Fair Credit Reporting Act.

### III. CONCLUSION

For the reasons set forth herein, the unopposed motion to dismiss filed by defendant Chex Systems, Inc. (Doc. No. 8) is granted.

**IT IS SO ORDERED**.

Dated: July 10, 2018

　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**